DECISION. *Page 2 
{¶ 1} Following his guilty pleas, defendant-appellant Allen Walker was convicted of three counts of harassment by an inmate, [1] three counts of assault, [2] felonious assault, [3] aggravated robbery, [4] and robbery.[5] Walker now appeals.
 {¶ 2} In a single assignment of error, Walker argues that his guilty pleas were invalid because the trial court had failed to inform him that the state would have been required to prove him guilty beyond a reasonable doubt in a trial.
 {¶ 3} In accepting a guilty plea, a trial court is required under Crim. R. 11(C)(2)(c) to orally advise the defendant that, by entering the plea, the defendant waives the right to a jury trial, the right to confront one's accusers, the right to compulsory process to obtain witnesses, the right to require the state to prove guilt beyond a reasonable doubt, and the privilege against compulsory self-incrimination.[6] When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.[7]
 {¶ 4} In this case, in accepting pleas to eight of the nine charges, the trial court failed to inform Walker under Crim. R. 11(C)(2)(c) that, by entering a guilty plea, he was waiving his right to require the state to prove his guilt beyond a reasonable doubt. As a result of the court's failure to strictly comply with Crim. R. 11(C)(2)(c), Walker's pleas to those eight charges were constitutionally invalid. Accordingly, we sustain in part the assignment of error, and we vacate the guilty pleas entered in the cases numbered B-0606987, B-0606071, B-0608335, and B-0602311. Therefore, in the appeals numbered *Page 3 
C-070345, C-070346, C-070347, and C-070348, we reverse the trial court's judgment and remand this cause for further proceedings in accordance with law and this decision.
 {¶ 5} Because the trial court strictly complied with its duty under Crim. R. 11(C)(2)(c) when it accepted Walker's guilty plea to an assault charge in the case numbered B-0702815, his plea in that case was valid. Accordingly, we affirm the trial court's judgment in the appeal numbered C-070349.
Judgments affirmed in part and reversed in part, and cause remanded.
HILDEBRANDT, P.J., PAINTER and HENDON, JJ.
[1] R.C. 2921.38(A).
[2] R.C. 2903.13(A).
[3] R.C. 2903.11(A)(2).
[4] R.C. 2911.01(A)(1).
[5] R.C. 2911.02(A)(2).
[6] State v. Veney, ___ Ohio St.3d ___, 2008-Ohio-5200, ___ N.E.2d ___, syllabus.
[7] Id. *Page 1